UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CHRISTOPHER BRYAN, TODD PRIZGINT,
and BRIAN HAFFEY,

                        Plaintiffs,                             Case No.

   -against-

                                                         **COMPLAINT**

JOHNSON CONTROLS INC.

                        Defendant.
-----------------------------------------------------------------x

       Plaintiffs CHRISTOPHER BRYAN, TODD PRIZGINT, and BRIAN HAFFEY ("Plaintiffs"), by and through their attorneys, Menken Simpson & Rozger LLP, allege as follows:

## PRELIMINARY STATEMENT

       1.    Plaintiffs are workers currently employed by Johnson Controls Inc. who performed heating, ventilation, and air conditioning ("HVAC") work on private and public job sites in the State of New York.

       2.    Plaintiffs repaired and serviced HVAC control systems in and on publicly financed construction projects in Nassau County such as Michael J. Tully Park, the MacArthur Airport, Babylon Public Library, Yes We Can Community Center, Nassau Community College, Nassau University Medical Center, the East Setauket Fire Department, Stony Brook University, Stony Brook South Hampton Hospital, and the New York State Department of Transportation.

       3.    In New York City, Plaintiffs repaired and serviced HVAC control systems on publicly financed projects such as JFK Airport, Rikers Island, NYC Health & Hospitals, the World Trade Center, and the Queensborough Community College.

       4.    For public jobs in New York City, Plaintiffs were not paid the total amount of

prevailing wages and supplemental benefits for the occupation "Electrician" according to the New York City Prevailing Wage Schedules, as required by statutorily required contractual terms set forth in New York Labor Law ("NYLL") § 220.

5. Nor were Plaintiffs paid the total amount of prevailing wages and supplemental benefits for the occupation "Electrician – HVAC Controls" when performing public works projects in Nassau County according to the Nassau and Suffolk County Prevailing Wage Schedules.

6. Plaintiffs were also not paid overtime pay for hours worked over 40 per week on public projects at the "regular rate" required by the Fair Labor Standards Act (FLSA), in that Defendants did not pay overtime at the required prevailing wage rate for public projects.

7. Plaintiffs bring this action for unpaid wages, including underpaid overtime wages for their hours worked in excess of forty per week, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

8. Plaintiffs also bring this action as third-party beneficiaries of Defendant's prevailing wage contracts. Defendant failed to comply with the statutorily required provision of all publicly financed contracts entered into in the State of New York to abide by NYLL § 220, requiring the proper payment of prevailing wages and supplemental benefits as set by the New York City Comptroller and the New York State Commissioner of Labor.

**JURISDICTION AND VENUE**

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state and common law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' federal claims under the FLSA pursuant to 29 U.S.C. § 216(b).

10. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(1), as Defendant conducts business in this district to a sufficient degree to be considered a resident of this district under 28 U.S.C. § 1391(d).

11. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

12. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as each of the Plaintiffs are citizens of the State of New York, the Defendant is a citizen of Delaware and Wisconsin, and the amount in controversy exceeds $75,000.

## PARTIES

13. Plaintiff Christopher Bryan is an adult individual residing in Suffolk County, New York. Bryan has worked for Johnson Controls for 14 years.

14. Plaintiff Todd Prizgint is an adult individual residing in Suffolk County, New York. Prizgint has worked for Johnson Controls for 27 years.

15. Plaintiff Brian Haffey is an adult individual residing in Nassau County, New York. He has worked for Johnson Controls for 40 years.

16. All Plaintiffs are skilled and experienced electricians who repair and service HVAC control systems in public and private buildings.

17. At all times relevant to this Complaint, Plaintiffs were employees of Johnson Controls within the meaning of the FLSA, 29 USC § 203(e), and the NYLL § 190(2), and were laborers, workers, or mechanics within the meaning of NYLL § 220.

18. Defendant Johnson Controls Inc. ("Johnson Controls") is a Delaware corporation with a principal place of business in Milwaukee, Wisconsin.

19. Johnson Controls is a part of the multinational conglomerate Johnson Controls

International plc, located in Cork, Ireland. The conglomerate is traded on the New York Stock Exchange and reported $6.4 billion in revenues in 2021.

## FACTUAL ALLEGATIONS

20. Plaintiffs, who are all well-trained and experienced electrical HVAC workers, performed HVAC service work for Defendant Johnson Controls for many years and (a) did not receive overtime compensation at the required prevailing wage rate of pay for all hours worked in excess of 40 in a work week on public projects and (b) did not receive the proper prevailing wage and supplemental benefits rate, as set by the New York State and New York City Prevailing Wage Schedules for the counties in which Plaintiffs worked, for any and all hours worked on publicly financed construction projects at any time during the six years prior to the filing of this case.

21. Plaintiffs frequently worked more than forty hours in a workweek.

22. All Plaintiffs worked on private and public job projects.

23. The public job projects they worked on include, but are not limited to, Michael J. Tully Park, the MacArthur Airport, Babylon Public Library, Yes We Can Community Center, Nassau Community College, Nassau University Medical Center, the East Setauket Fire Department, Stony Brook University, Stony Brook South Hampton Hospital, the New York State Department of Transportation, JFK Airport, Rikers Island, NYC Health & Hospitals, World Trade Center, and Queens Borough Community College.

24. Among other HVAC service work tasks, all of the Plaintiffs did service calls, repairs, testing, retrofitting, and commissioning work, which included calibrating temperature sensors, calibrating controls, checking voltage, uploading software, and repairing or replacing electronic controllers.

25. Upon information and belief, public entities in the State and the City of New York, by and through various agencies and departments, contracted with Defendant Johnson Controls to, among other things, service, replace, repair, and maintain HVAC systems in and around various buildings and public job sites as described above.

26. Plaintiffs performed this HVAC service work in compliance with the relevant public works contracts.

27. By law and pursuant to contract, Defendant Johnson Controls was required to pay Plaintiffs the lawful prevailing wage and supplemental benefits rate for the HVAC service work they performed, but failed to do so.

28. As part of its regular business practice, Johnson Controls intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and the New York Labor Law. This pattern or practice includes, but is not limited to:

    a. willfully failing to pay Plaintiffs time and one half their lawful regular rate of pay, that of an Electrician, for those hours worked in excess of forty per work week when they worked on a public job site;

    b. willfully failing to pay Plaintiffs their lawful, contractually agreed upon, regular rate of pay, that of an Electrician, for those hours they worked on a public job site;

    c. willfully failing to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

29. Article 8 of the New York Labor Law requires that all contracts and subcontracts entered into for the performance of public works in New York City and Nassau County include contract terms requiring that individuals who work pursuant to such contracts be paid the

prevailing wage and supplemental benefits at rates to be determined by the New York City Comptroller and the New York State Commissioner of Labor, respectively.

30. Article 8 of the New York Labor Law requires both contractors and all subcontractors performing work on a public works projects to post the prevailing wage schedule and supplement rates at the job site.

31. Article 8 of the New York Labor Law requires contractors on public works projects to provide subcontractors with the schedule of prevailing wages and supplements.

32. Article 8 of the New York Labor Law requires that subcontractors on public works projects provide contractors with a verified statement attesting that the schedule of wages and supplements has been reviewed and received, and agreeing to pay the applicable prevailing wages and supplements.

33. Article 8 of the New York Labor Law requires both contractors and subcontractors to keep certified payroll records of the hours worked and hourly wage rates paid to all laborers like Plaintiffs on publicly financed construction projects.

34. Plaintiffs did HVAC service work, but Defendant did not pay them the prevailing wage rate or supplemental benefits rate as required by said contract terms.

35. The statutorily required promise to pay and ensure payment of the prevailing wage, supplements, and overtime in the public works contracts was made for the benefit of all workers furnishing HVAC service work on the sites of public works projects and, as such, Plaintiffs furnishing such labor are the beneficiaries of that promise and the contracts entered into by Defendant and/or the contractor and government agencies.

36. Upon information and belief, at various times between 2016 and the present, Defendant Johnson Controls entered into contracts with government agencies and/or public

benefit corporations to provide HVAC service work and employed Plaintiffs to perform that work, including but not limited to work on the public projects described above.

37. To the extent that Johnson Controls did not expressly enter into contracts with government agencies and/or public benefit corporations, they entered into a subcontract with each public project's general contractor which required, expressly or by operation of law, that they pay Plaintiffs the lawful prevailing wage, supplemental benefits, and overtime as required by the above-mentioned contract or subcontract terms.

38. Defendant Johnson Controls willfully failed to pay Plaintiffs engaged in such HVAC service work on said public works projects the lawful prevailing wage, supplemental benefits and overtime as required by the above-mentioned contract terms.

39. Upon information and belief, Plaintiffs were not paid their supplemental benefits at the required Electrician prevailing wage rate.

40. The prevailing wage rate for the occupation "Electrician – HVAC Controls" in Nassau County, as set by the New York State Commissioner of Labor, ranged between $51.75 and $55 per hour between 2018 and 2021.

41. The supplemental benefits rate for the occupation "Electrician-HVAC Controls" in Nassau County, as set by the New York State Commissioner of Labor, ranged from $33.54 to $39.66 between 2018 and 2021. The supplemental benefit rate is to be paid for each hour worked.

42. In New York City during the same time period (2018-2021), the prevailing wage rate for the occupation "Electrician," set by the New York City Comptroller, ranged from $56.00 to $58.00 per hour and the supplemental benefits rate ranged from $54.35 to $58.46 per hour.

43. At no time were Plaintiffs paid $85.29 or more per hour (the relevant prevailing

wage plus the supplemental benefit rate in 2018) for any hour worked doing HVAC service work at any of above identified public works projects, even after crediting Defendant for the value of the fringe benefits actually given to Plaintiffs.

44. Nor were Plaintiffs paid the proper prevailing wage rights or supplemental benefits for the time period of 2016 to 2018.

45. Instead, they were paid a substantially lower rate than the rate legally required to be paid for the work they performed. Between 2018 and 2021, for example, no Plaintiff was ever paid more than $51.54 per hour.

46. Rather than pay Plaintiffs $54.00 per hour plus an additional $37.80 per hour in supplemental benefits, as required in the second half of 2020 for public work done in Nassau County, for example, Defendant Johnson Controls paid Plaintiffs substantially less in wages and supplemental benefits.

47. On November 2, 2020, for example, Plaintiff Prizgint worked at Stony Brook University, a public job site in Nassau County, and was paid an hourly rate of $50.34 per hour. Upon information and belief, the basis of such belief being the collective bargaining agreement Plaintiffs worked under, the hourly value of the fringe benefits paid to Plaintiffs was $28.88 per hour. His total compensation for that job was therefore $79.22 per hour, which is less than the combined $91.80 per hour required by the applicable prevailing wage schedule.

48. By way of another example, on December 10, 2020, Plaintiff Bryan worked at Yes We Can Community Center, a public job site, for the Town of North Hempstead and earned $49.84 per hour plus, upon information and belief, $28.88 in supplemental benefits for total compensation of $78.72. The applicable prevailing wage hourly and fringe benefit rate totaled $91.80.

49. By way of another example, on December 24, 2020, Plaintiff Haffey worked at Nassau University Medical Center, a public job site, and earned $48.19 per hour plus, upon information and belief, $28.88 in supplemental benefits. The applicable prevailing wage hourly and fringe benefit rate totaled $91.80.

50. Additionally, Plaintiffs often worked more than 40 hours in a week, but Defendant Johnson Controls failed to pay them time and one-half the prevailing wage rate of pay, in violation of the FLSA.

51. As examples of these illegal pay practices, Plaintiff Bryan worked 3 hours of overtime on a public job site on November 14, 2019, and was not paid time and one-half the prevailing wage rate for those 3 overtime hours he worked; Plaintiff Prizgint worked 5 hours of overtime on a public job site on October 7, 2020, and was not paid time and one-half the prevailing wage rate for those 5 overtime hours he worked. Plaintiff Haffey, at various dates in the limitations period, also worked overtime on a public job, and did not get paid overtime at the required prevailing wage overtime rate.

52. Plaintiff Haffey also regularly worked overtime on public job sites and was not paid time and one-half the regular wage rate for those hours of overtime.

53. Defendant's unlawful conduct as herein described has been widespread, repeated and consistent.

## FIRST CAUSE OF ACTION
### (FLSA: UNPAID OVERTIME WAGES)

54. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as though fully set forth herein.

55. Defendant Johnson Controls engaged in a widespread pattern or practice of

violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

56. At all times relevant to this action, Plaintiffs were employed by Defendant Johnson Controls within the meaning of the FLSA, 29 U.S.C. § 203.

57. At all times relevant to this action, Plaintiffs were engaged in commerce and Defendant Johnson Controls was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

58. Defendant Johnson Controls willfully failed to pay Plaintiffs overtime compensation at a rate of not less than one and one-half times their lawful regular rate of pay (i.e., the electrician's prevailing wage rate) for each hour worked in excess of forty on a public job in a workweek, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

59. Defendant Johnson Controls failed to keep appropriate and accurate payroll and time records as required by federal law.

60. Due to the FLSA violations committed by Defendant Johnson Controls, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and other compensation pursuant to 29 U.S.C. § 216(b).

<u>**SECOND CAUSE OF ACTION**</u>

**(BREACH OF THIRD-PARTY BENEFICIARY CONTRACT)**

61. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs as though fully set forth herein.

62. Article 8 of the New York Labor Law, specifically § 220(3)(a), (b), requires that all contracts to which the state, public benefit corporation, or a municipal corporation is a party "shall contain a provision that each laborer, workman or mechanic, employed by such contractor,

subcontractor or other person about or upon such public work, shall be paid the [prevailing] wage[]" and supplements for each hour worked.

63.     The prevailing wage and supplement rates for "Electrician – HVAC Controls" in Nassau County for 2020, set by the New York City Comptroller, was in excess of $53.00 per hour in wages, plus approximately $36.00 per hour in supplemental benefits.[a]

64.     The statutorily required incorporation of such terms into all public works contracts and subcontracts in the State of New York exists for the benefit of Plaintiffs.

65.     Defendant Johnson Controls breached their public works contracts and/or subcontracts by failing to pay Plaintiffs the proper prevailing wage and supplemental benefits rate for all hours worked doing sprinkler service work in performance of said contracts.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a.  Unpaid overtime wages, attorneys' fees, costs, and interest pursuant to 29 U.S.C. §§ 201 *et seq*.;

b.  An additional and equal amount of unpaid wages as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq*.;

c.  The difference between the wages paid to Plaintiffs on public works projects based on the proper, lawful prevailing wage plus supplemental benefit rate at the time, as determined by the New York City Comptroller and New York State Commissioner of Labor, and interest on said sum; and,

---

[a] The prevailing wage rates referenced herein are only examples of the amount Defendant should have paid Plaintiffs for 2020 and 2019. Calculation of the amounts owed Plaintiffs going back six years from the date of the filing of this Complaint can be ascertained by identifying the prevailing wage and supplemental benefit rates for the prior years.

      d.      Issuance of a declaratory judgment that the practices of Defendant Johnson Controls complained of herein are unlawful under the FLSA and New York State Labor Law; and

      e.      Such additional and further relief as the Court deems just and proper.

Dated: New York, New York
        January 14, 2022

MENKEN SIMPSON & ROZGER LLP

By:   *s/ Jason Rozger*
       80 Pine Street, 33rd Floor
       New York, NY 10005
       Tel.: (212) 509-1616
       Fax: (212) 509-8088
       jrozger@nyemployeelaw.com

ATTORNEYS FOR PLAINTIFFS